IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **IDA JOHNSON HOUSTON,** | § | **C.A. NO.**_____ |
| | § | |
| **PLAINTIFF,** | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **TEXAS DEPARTMENT** | § | |
| **OF AGRICULTURE,** | § | |
| | § | |
| **DEFENDANT.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

**I.   Preliminary Statement**

1.   This is an employment lawsuit brought for violations of 42 U.S.C. 1981 ("Section 1981"), as amended, the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 USC § 12101 et seq., as amended, the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq., as amended, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., as amended.

**II.   Parties**

2.   During all times mentioned in this petition, Plaintiff, Ida Johnson Houston ("Houston"), was and is still a US citizen and a resident of Harris County, Texas. Houston is a Black female and suffers from a disability (i.e., lupus).

3.   During all times mentioned in the Complaint, Defendant, Texas Department of Agriculture ("Defendant" or "TDA"), employed more than 501 people and was and is still an employer, engaged in an industry affecting commerce. It is an employer and subject to all statutes

mentioned in paragraph one. Defendant may be served through its registered agent, Commissioner Sid Miller, 1700 N. Congress, 11th Floor, Austin, Texas 78701.

**III.     Jurisdiction**

4.     Jurisdiction is invoked pursuant to 42 U.S.C. § 1331 based on a federal question.

5.     Declaratory, injunctive, and equitable relief is sought pursuant to the Section 1981, the ADAAA, the FMLA, and the FLSA. An EEOC Notice of Rights on Houston's ADAAA dated August 24, 2018 is subject to equitable tolling. Houston has met all conditions precedent prior to bringing this lawsuit. Specifically, Houston has been employed by Defendant for several years and had worked at least 1,250 hours in the 12 months preceding her need for leave under the FMLA.

6.     Compensatory damages are sought pursuant to Section 1981, ADAAA and FLSA.

7.     Liquidated damages are sought pursuant to the FLSA and FMLA.

8.     Costs and attorney's fees may be awarded pursuant to and Section 1981, ADAAA, FLSA, and FMLA.

**IV.     Venue**

9.     This action properly lies in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C.§ 1391(b) because the unlawful employment and labor practices were committed in this judicial district.

**V.     Factual Statement**

10.     Houston was employed by Defendant in or about June 2012. She has been an employee of the State of Texas approximately 22 years. Her position at the time of termination was Program Review Specialist. During her employment, Houston earned satisfactory to above satisfactory evaluations and had never been placed on any form of a performance improvement plan

until the facts leading up to her termination occurred.

11. When Houston return from leave protected by the FMLA, Defendant terminated her for no legitimate reason. At the time of termination in August 2017, her FMLA had not been exhausted. Defendant told her that she was being terminated because her attendance had adversely affected her performance. Prior to termination, Defendant reprimanded Houston on approximately ten occasions for attendance related to FMLA leave. Thus, Defendant used leave taken by Houston under the FMLA against her performance, which is a blatant violation of the FMLA.

12. During the past two to three years prior to this suit, Houston had been denied compensatory time. As a Program Review Specialist, Defendant designated her as an exempt salaried employee. Based on her job duties, Defendant may not have properly designated her as exempt. At the time of termination, she had a minimum of 100 hours in which she did not receive compensation for working overtime as required by law. Although Defendant was fully aware that she and possibly others were doing more than 40 hours of work each week, when she attempted to received comp time, she was denied and told none was approved. Many times the circumstances would not permit her to leave at a certain time. For instance, a meeting held well past her time to be off for the day. She could not leave the meeting. Also she was entitled to compensated for commutes times to auditing sites. Depending on traffic, it required her to be on the clock after times she should have been off for the day. Defendant was fully aware that comp time was being accumulated but denied it notwithstanding its knowledge. Defendant's actions were willful.

13. Houston has suffered from lupus for several years. Consistent with the nature of the disability of lupus, she would have unforeseen and acute symptoms of lupus that would cause her to call in to work, sometimes at the last minute. She was harassed by her supervisor Karen Cade,

a Black-female, frequently when she called in and at times was accused of not calling in. Many times Houston was in the hospital and others had to call-in for her. Many times Cade treated those who called in disrespectfully and insisted that Houston call in personally, even when she was not physically able to call.

14. Other non-Black employees with disabilities were permitted to telework (i.e., work from home). However, Houston was denied this requested accommodation. Houston believes that Cade was harder in this way on Black employees than non-Black employees. Moreover, because she was not permitted to telework, it sometimes adversely impacted her work performance which is one of the reasons in which Defendant claimed it terminated her. She was accused of being behind in her work but the same or similar employees who were non-Black were treated more favorably. She was placed on a performance improvement plan ("PIP"), but she was fired before the time period of the PIP expired. She was not given any reason for not being permitted to complete the PIP before termination.

15. Due to the issues related to her harassment about attendance that caused frequent write-ups, Houston went to the EEOC office in July 2017, intending to file a charge of discrimination for disability and race discrimination. The EEOC intake officer told her that because no adverse action had occurred at the time, she could not file a charge. Houston completed the EEOC Intake Questionnaire. Upon her termination about a month later 2018, she contacted the same EEOC employee and asked him if the termination was sufficient to now file a Charge of Discrimination. The investigator stated it was and told her to wait until he was in contact with her to set up an appointment to file a charge. Not knowing the deadlines related to the charge, Houston patiently waited. She had worked for a governmental agency for many years and was fully aware that

things are delayed in government processing. Hurricane Harvey hit shortly after her termination and she also assumed the process was taking longer due to the aftermath of Harvey. Having not heard from the EEOC investigator in approximately one year, she contacted the EEOC in August 2018 and was informed that a charge had not been filed and it was too late to file a charge under the ADAAA and Title VII. A different investigator had her to complete her charge in or about August 20, 2018. Soon after, the EEOC issued a right to sue notice dated August 24, 2018 claiming her ADAAA and Title VII claims were not filed within the time period required. Houston believes her facts support equitable tolling.

16. Although Houston has diligently tried to find comparable employment, to date, she has been unsuccessful.

17. If Defendant had not discriminated and/or violated her rights under the FMLA, ADAAA, Title VII, and Section 1981, Houston would have received wages, pay increases, been eligible to retire from the State of Texas system in five years and received other employment benefits.

18. Houston has no plain, adequate, or complete remedy at law to redress the wrongs experienced and is now suffering and will continue to suffer irreparable injury from the treatment by Defendant unless she is fully compensated for back and front pay and other employment benefits lost since the date of termination.

19. Houston has suffered, is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss to her professional reputation, embarrassment, and other pecuniary losses as a direct result of Defendant's unlawful employment practices.

20.     Houston will suffer future pecuniary losses as a direct result of Defendant's unlawful employment practices.

21.     Defendant engaged in violations of the FMLA, FLSA, Section 1981 and Title VII with intent, malice, or reckless indifference to her rights under federal law.

## VI.  Causes of Action

22.     Houston incorporates as if re-alleged paragraphs 1 through 21.

23.     Because Defendant's decision to terminate Houston was motivated by her disability and/or race, Defendant willfully violated Section 1981, Title VII and the ADAAA.

24.     Because Defendant failed to restore Houston to the position of Program Review Specialist upon returning from FMLA and because it used absences protected by the FMLA against her in assessing her performance, Defendant willfully violated the FMLA.

25.     Because Defendant failed to compensate her for time she worked over 40 hours per week and/or failed to properly designate her as non-exempt hourly employee, Defendant willfully violated the FLSA.

## VII. Prayer for Relief

26.     Wherefore, Houston prays that this Court:

    a.  declare the conduct engaged in by Defendant be in violation of Houston's rights;

    b.  enter judgment against Defendant;

    c.  enjoin Defendant from engaging in such conduct;

    d.  reinstate her to the Position of Program Review Specialist and in lieu of reinstatement, order front salary and benefits for the period remaining until

      normal retirement;

e.     award Houston equitable relief of back salary and fringe benefits up to the date of termination and prejudgment interest for that entire period, or front salary and benefits accrual;

f.     award compensation for all time worked in excess of 40 hours a week for the past three years proceeding the date of this suit;

g.     award Houston compensatory damages of $300,000.00;

h.     award Houston liquidated damages;

i.     award Houston costs and attorney's fees; and

j.     grant such other relief as it may deem just and proper.

## VIII. Demand for Jury

27. Houston demands a jury trial.

Respectfully submitted,

      */s/   Victoria Plante-Northington*
VICTORIA PLANTE-NORTHINGTON
Texas Bar No. 00798436
Southern District No. 21235
PLANTE LAW FIRM, P.C.
5177 Richmond Avenue
Suite 1140
Houston, Texas 77056
Telephone: (713) 526-2615
Facsimile: (713) 513-5176
Email: victoria@plantelawfirm.com

ATTORNEY FOR PLAINTIFF
IDA JOHNSON HOUSTON